LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | GILBERTO RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332, which provides that a federal district court has jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

In their Notice of Removal, Defendants Bridgestone Retail Operations, LLC ("BSRO") and George Stylianoudakis[1] (collectively, "Defendants") allege that there is complete diversity between Plaintiff Gilberto Rangel ("Plaintiff") and Defendant BRSO, and that Defendant Stylianoudakis is a "sham" defendant whose citizenship may be disregarded for the purpose of removal.[2] (Dkt. No. 1 (hereinafter, "Removal") ¶¶ 4–5.)

---

[1] Plaintiff's Complaint erroneously names George Stylianoudakis as "George S. Stylianoudak." (*See* Dkt. No. 1.)

[2] The Court notes that Defendants aver that, given the nature of Plaintiff's claims, damages will exceed $75,000, thereby satisfying the amount in controversy requirement. (Removal ¶¶ 29–37.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | GILBERTO RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL | | |

### A. Citizenship of a Limited Liability Corporation

Defendants claim that Defendant BRSO is a limited liability company organized in Delaware with its "principal place of business" in Illinois. (Removal ¶ 8.) Under § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c). With regard to limited liability companies, however, the rules defining "citizenship" are different. A limited liability company is considered to be a citizen of *every* state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Defendants do not provide adequate information regarding the citizenship of Defendant BRSO's members, which is necessary to determine whether complete diversity in fact exists in this case. *See Johnson*, 437 F.3d at 899. In their Corporate Disclosure Statement, Defendants claim that BSRO is a privately held limited liability company with a sole member, Bridgestone Americas, Inc. ("BSAM"). (Dkt. No. 4.) Defendants, however, do not elaborate on the citizenship of BSAM. Should BSAM, as a member of Defendant BSRO, be a citizen of California, complete diversity would be destroyed, and the court would lack subject matter jurisdiction under 28 U.S.C. § 1332.

### B. "Sham" Defendant

Defendants claim that Defendant George Stylianoudakis is a citizen of California, but that his citizenship should disregarded for the purposes of removal because he is a "sham" defendant. (Removal ¶¶ 4, 9.) A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A fraudulently joined defendant is frequently referred to as a "sham" defendant. Fraudulent joinder exists— and the non-diverse defendant is ignored for purposes of determining diversity of the parties—if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is deemed a "sham" defendant if, after all disputed questions of fact and ambiguities in the controlling law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | June 6, 2016 |
|---|---|---|---|
| Title | GILBERTO RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL | | |

joinder is questioned. *Krusco v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).

Defendants allege that although Defendant Stylianoudakis is non-diverse, he is a fraudulently joined, "sham" defendant. (Removal ¶ 5.) According to Defendants, Plaintiff fails to state a claim against Defendant Stylianoudakis under well-stated law and that no amendment to the pleadings would cure the deficiency. (Removal ¶ 13.) However, Defendants' statements are conclusory; Defendants do not adequately explain why, under California law, Plaintiff would not be able to amend the complaint to cure the supposed deficiency. *See Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July, 19 2006). If Defendant Stylianoudakis is not a "sham" defendant, complete diversity is destroyed under 28 U.S.C. § 1332, as Defendant Stylianoudakis is a citizen of California. Thus, without more information, it remains unclear whether the Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

The Court therefore **ORDERS** Defendants to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Defendants shall file their response to this Court's Order **no later than Friday, June 10, 2016, at 4:00 p.m.** An appropriate response will: (1) clarify the citizenship of each of Defendant BSRO's members, and (2) clarify why Defendant Stylianoudakis is a "sham" defendant.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |