LINK: 14

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Anel Huerta | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

### I.   INTRODUCTION

Pending before the Court is Plaintiff Gilbert Rangel's ("Plaintiff") Motion to Remand.  (Dkt. No. 14 (hereinafter, "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

#### A.   Factual Background

This lawsuit involves an employment dispute arising from Defendant Bridgestone Retail Operations, LLC's ("Defendant") alleged wrongful termination of Plaintiff.  (*See* Dkt. No. 1 (hereinafter, "Removal"), Ex. B (hereinafter, "Compl.").)

Plaintiff is, and at all relevant times was, a California resident.  (Compl. ¶ 1.) Defendant is, and at all relevant times was, a privately held limited liability company whose sole member—Bridgestone Americas, Inc.—is incorporated in Nevada and has its principal place of business in Tennessee.  (*See* Dkt. No. 12 at 2.)  George Stylianoudakis[1]

---

[1] Plaintiff's Complaint erroneously names Individual Defendant George Stylianoudakis as George S. Stylianoudak.  (*See* Compl. ¶ 2.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | **GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL.** | | |

("Individual Defendant Stylianoudakis") is, and at all relevant times was, a California resident. (Compl. ¶ 2.)

Plaintiff, a Hispanic male who is approximately forty-five years old, began working for Defendant as an automobile technician in November 2013. (Compl. ¶¶ 2, 4.) Plaintiff alleges that Individual Defendant Stylianoudakis became a store manager for Defendant in early 2014 and began mistreating Plaintiff shortly thereafter. (Compl. ¶ 11.) According to Plaintiff, Defendant terminated Plaintiff's employment on April 14, 2015, after a series of work-related conflicts. (Compl. ¶ 12.)

### B.     Procedural History

Plaintiff initiated this action on April 27, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"), against Defendant and Individual Defendant Stylianoudakis (collectively, "Defendants"). (*See generally* Compl.) Plaintiff alleges the following thirteen causes of action against Defendant: (1) race discrimination; (2) race harassment; (3) retaliation for complaining of race discrimination; (4) age discrimination; (5) age harassment; (6) retaliation for complaining of age discrimination and/or harassment; (7) failure to promote because of discrimination on the basis of race and/or age; (8) failure to pay for rest breaks; (9) negligent hiring, supervision, and retention; (10) wrongful termination of employment in violation of public policy; (11) violations of Labor Code § 1102.5 *et seq.*; (12) defamation; and, (13) intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 18–100.) Of these thirteen causes of action, Plaintiff alleges only the race harassment, age harassment, and IIED causes of action against Individual Defendant Stylianoudakis. (*See* Compl. ¶¶ 24–29, 48–53, 95–100.)

On May 27, 2016, Defendants removed the action to this Court, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] (Removal at 1–4.) On June 6, 2016, the

---

[2] On the same day Defendants removed this action, Plaintiff filed a First Amended Complaint in Los Angeles Superior Court in which Plaintiff omitted both the race and age harassment claims against Individual Defendant Stylianoudakis and, instead, added claims of defamation and retaliation against him that previously had been alleged against Defendant only. (*See* Dkt. No. 12-1 (hereinafter, "FAC").) However, Plaintiff's Motion only addresses the facts and allegations in the Complaint, not the FAC.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | **GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL.** | | |

Court issued an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction as, on its face, diversity jurisdiction is lacking because Plaintiff and Individual Defendant Stylianoudakis are both California residents. (Dkt. No. 11.) On June 10, 2016, Defendants filed a response. (Dkt. No. 12 (hereinafter, "OSC Response").) After finding Defendants' OSC Response satisfactory, the Court discharged the Order to Show Cause on June 23, 2016. (*See* Dkt. No 13.) On June 24, 2016, Plaintiff filed the instant Motion to Remand, (*see* Dkt. No. 14), which Defendants timely opposed on July 18, 2016,[3] (*see* Opp'n).

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court

---

(*See generally* Mot.) In fact, Plaintiff does not mention that he filed an FAC. In their Opposition, Defendants address both the original Complaint and the FAC, but argue that the original Complaint is operative because Defendants were never served with the FAC or the Summons for the FAC. (*See* Dkt. No. 15 (hereinafter, "Opp'n") at 3–4.) "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *See Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-CV-1788 BAS JMA, 2014 WL 3700269, at *2 (S.D. Cal. July 24, 2014). Moreover, where an amended complaint is "not served by the time defendants file[] notice of removal," the original complaint is operative. *Goldberg v. Cameron*, No. 5:15-CV-02556-RMW, 2015 WL 5316339, at *3 (N.D. Cal. Sept. 11, 2015). The Court finds that the original Complaint was operative at the time of the removal as there is no evidence that Defendants had been served the FAC before filing their notice of removal. Thus, the Court will consider the causes of action alleged against Individual Defendant Stylianoudakis in the original Complaint only.

[3] Defendants allege that Plaintiff violated Local Rule 7-3 by failing to meet and confer with Defendants before filing the instant Motion. (Opp'n at 5.) Local Rule 7-3 helps to conserve judicial resources by eliminating issues that the Court need not consider. C.D. Cal. L.R. 7-3. The rule is of such importance that a district court may even deny a party's motion for failing to comply with its requirements. *See Singer v. Live Nation Worldwide Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying a motion for summary judgment where, in violation of Local Rule 7-3, the moving party met and conferred only three days prior to filing the motion). However, while the Court admonishes Plaintiff for its failure to follow the Local Rules, it finds it appropriate to consider Plaintiff's Motion on its merits despite Plaintiff's violation.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-03743-BRO (FFMx)** | Date | August 4, 2016 |
|---|---|---|---|
| Title | **GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL.** | | |

has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Id.*

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Thus, a court may consider declarations and affidavits to determine whether "discrete and undisputed facts" would preclude recovery against the non-diverse defendants. *Hunter*, 582 F.3d at 1044. The Ninth Circuit adopts the view that, because the party seeking removal bears the burden of demonstrating fraudulent

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL. | | |

joinder, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff, who is domiciled in California,[4] provides three principal arguments as to why the Court should remand this case: (1) Individual Defendant Stylianoudakis destroys complete diversity; (2) Individual Defendant Stylianoudakis is not a "sham" defendant; and, (3) Defendants have failed to establish that the amount in controversy in this case exceeds $75,000. (*See* Mot. at 1–2.) As explained below, the Court finds that Individual

---

[4] As a preliminary matter, Plaintiff argues that Defendants have failed to establish Plaintiff's California citizenship for diversity jurisdiction purposes because "the only support for Defendants' allegation of plaintiff's citizenship is an allegation of residence [in the Complaint] and because residence is not the same as citizenship." (Mot. at 6.) Plaintiff's argument is unavailing and counterintuitive.

First, a defendant who seeks removal must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). However, "[n]othing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations." *Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011).

Moreover, Plaintiff asserts in his Complaint that he is a California resident. (Compl. ¶ 1.) And in his Motion, Plaintiff concedes that he and Individual Defendant Stylianoudakis are both "Californians." (Mot. at 2.) In fact, Plaintiff's remand argument rests entirely on the notion that Plaintiff and Individual Defendant Stylianoudakis are both California citizens, as that is the only way in which complete diversity is destroyed. (*See* Mot. at 1–2.) Therefore, the Court finds that Plaintiff's California citizenship is sufficiently established for diversity jurisdiction purposes.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL. | | |

Defendant Stylianoudakis is not a sham defendant; thus, complete diversity is destroyed, and the Court lacks subject matter jurisdiction.

### A. Whether Individual Defendant Stylianoudakis is a Sham Defendant

Defendants bear the burden of demonstrating that Individual Defendant Stylianoudakis, a California citizen who would destroy diversity, is a sham defendant. *See Gaus*, 980 F.2d at 566 (noting that a defendant has the burden of establishing that removal is proper). To support a claim that a non-diverse defendant has been fraudulently joined, the removing party must show that the plaintiff has failed to state a valid cause of action against that non-diverse defendant, and the "settled rules of the state" must make the failure evident by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal quotation marks omitted). When determining whether this burden has been met, courts may look to the face of the plaintiff's complaint as well as to additional "summary judgment type evidence." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

#### 1. Race- and Age-Based Harassment Claims

California's Fair Employment and Housing Act ("FEHA") prohibits workplace harassment on various bases, including race and age. Cal. Gov't Code § 12940(j)(1). However, pursuant to FEHA, before filing a lawsuit, employees must exhaust administrative remedies by filing a complaint with California's Department of Fair Employment and Housing ("DFEH"). *See Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (Cal. Ct. App. 2011) ("Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH."); *accord Ortiz v. Sodexho, Inc.*, No. 10-CV-2224 JLS RBB, 2011 WL 3204842, at *3 (S.D. Cal. July 26, 2011). Plaintiff does not deny that he neglected to file a DFEH claim against Individual Defendant Stylianoudakis before bringing this action and that he is now time barred from doing so. (*See* Opp'n at 7–8; Removal ¶¶ 23–28.) Thus, based on this procedural failure, Plaintiff's harassment claims fail as a matter of law and cannot be cured. *See Ritchey*, 139 F.3d at 1320–21 (finding fraudulent joinder where a statute of limitations defense prevented a plaintiff from stating a viable cause of action against the defendant).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | **GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL.** | | |

Based on the foregoing, the Court finds that Plaintiff's race- and age-based harassment allegations against Individual Defendant Stylianoudakis are legally insufficient causes of actions that cannot be cured by amendment.

### 2. IIED Claim

To state a viable claim for IIED against Individual Defendant Stylianoudakis, Plaintiff must offer factual allegations demonstrating that: (1) Individual Defendant Stylianoudakis engaged in extreme and outrageous conduct with the intent to cause (or reckless disregard for the probability of causing) severe emotional distress; (2) Plaintiff suffered extreme or severe emotional distress; and, (3) Individual Defendant Stylianoudakis's outrageous conduct was the actual and proximate cause of Plaintiff's distress. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (Cal. 1991). To constitute "outrageous," Individual Defendant Stylianoudakis's conduct "'must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Id.* (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (Cal. 1982)). Additionally, Individual Defendant Stylianoudakis must have engaged in such conduct "'with the realization that injury [would] result.'" *Id.* (quoting *Davidson*, 32 Cal. 3d at 210).

The allegations supporting Plaintiff's IIED claim in his Complaint are conclusory and fail to indicate which of Individual Defendant Stylianoudakis's alleged acts were "extreme and outrageous." Plaintiff merely concludes, without indicating to which specific acts he refers, that "Defendants' discriminatory, harassing, and retaliatory actions . . . [constitute] severe and outrageous misconduct and [have] caused plaintiff extreme emotional distress." (*See* Compl. ¶ 96.) Upon reviewing Plaintiff's Complaint, the Court finds that none of his specific factual allegations establish a prima facie case of IIED.

For example, Individual Defendant Stylianoudakis allegedly commented that Plaintiff was "too old to have a one-year-old son and that 'at [Plaintiff's] age, his son should call him grandpa instead.'" (Compl. ¶ 11.) Plaintiff also avers that "Stylianoudakis treated [Plaintiff] differently," and "shunned and ignored him . . . ." (Mot. at 11.) Pursuant to well-established California law, allegations such as these are "not so egregiously outside the realm of civilized conduct to give rise to actionable infliction of mental distress." *See King v. AC & R Advert.*, 65 F.3d 764, 770 (9th Cir.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL. | | |

1995) (citation omitted) (finding age-based comments that only "demonstrat[ed] poor judgment and manners" did not give rise to an actionable IIED claim); *see also Haley v. Cohen & Steers Capital Mgmt., Inc.*, 871 F. Supp. 2d 944, 960 (N.D. Cal. 2012) ("[L]iability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (internal quotation marks omitted)).

The remainder of the factual allegations related to Plaintiff's IIED cause of action against Individual Defendant Stylianoudakis involve employment decisions—such as allegedly denying Plaintiff's requests for time off, denying Plaintiff bereavement leave, failing to promote Plaintiff, forcing Plaintiff to work during rest breaks, changing Plaintiff's work schedule, refusing to allow Plaintiff's children into the customer area, and wrongfully terminating Plaintiff. (*See* Compl. ¶ 11.) Because these alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the California Workers' Compensation Act's ("CWCA") exclusive remedies provision. *See Potter v. Ariz. S. Coach Lines, Inc.*, 202 Cal. App. 3d 126, 133 (Cal. Ct. App. 1988) ("[W]here the employer's alleged misconduct consists of actions normally part of the employment relationship, i.e., demotions, promotions, criticism of work practices, . . . an employee suffering emotional distress causing disability *may not avoid* the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as intentionally outrageous, unfair, or harassing."); *Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2002) ("[U]nder California law, claims for . . . intentional infliction of emotional distress made within the context of [an] employment relationship are within the exclusive remedy provisions of the [CWCA]." (citation omitted)). Therefore, Plaintiff has no viable IIED claim based on this conduct outside of the workers' compensation system. Accordingly, the Court finds that Plaintiff fails to allege a viable IIED cause of action against Individual Defendant Stylianoudakis in the operative Complaint.

However, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Rather, "[t]he defendant must also show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-03743-BRO (FFMx)** | Date | August 4, 2016 |
|---|---|---|---|
| Title | **GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL.** | | |

defendant." *Id.* (emphasis added) (internal quotation marks omitted). In other words, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (alterations and internal quotation marks omitted); *see also Rader v. Sun Life Assurance Co. of Can.*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013) ("The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant."). If there is a possibility that the plaintiff could amend his pleading to state a cause of action against the allegedly sham defendant, then remand is warranted. *See Padilla*, 697 F. Supp. 2d at 1159.

Here, though Plaintiff's operative complaint does not adequately allege a cause of action against Individual Defendant Stylianoudakis for IIED, Defendants have not met their burden of establishing that Plaintiff is incapable of amending his complaint to state a valid IIED claim.[5] *See Martinez*, 2015 WL 4337059, at *9 ("In fact, courts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors."). In *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006), the court was presented with a similar factual scenario. Plaintiff filed an action alleging violations of FEHA and an IIED claim (amongst other causes of action) against his former employer and his work supervisor, and the defendants claimed the supervisor was fraudulently joined. *Id.* at *1. Though the plaintiff had failed to plead any extreme or outrageous conduct capable of sustaining his IIED claim against his former supervisor, the court held that the defendants had failed to establish that, under California law, the plaintiff would not be granted leave

---

[5] The Court recognizes that Plaintiff has attempted to file his FAC in which he alleges no additional facts supporting his IIED claim. (*See* FAC.) While this generally indicates that Plaintiff *may* be incapable of alleging sufficient facts to sustain an IIED cause of action, Defendants bear a heavy burden when seeking removal of establishing that there is "no possibility that plaintiff will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000); *see also Martinez v. Michaels*, No. CV 15-02104 MMM (Ex), 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) ("[E]ven where the allegations underlying an IIED claim appear to be relatively weak, courts generally do not find fraudulent joinder, given that the sufficiency of the plaintiff's factual allegations is of limited import in deciding a motion to remand attacking a removal based on fraudulent joinder." (alteration and internal quotation marks omitted)). Defendants have failed to meet their burden in their Opposition.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | **GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL.** | | |

to amend his complaint to cure its deficiencies. *Id.* at *2. Accordingly, the court remanded the action. *Id.* The Court is persuaded by *Burris* and its similarities to the instant case.

Thus, because Defendants have failed to establish that Plaintiff would be precluded from amending his Complaint to allege additional facts establishing extreme and outrageous conduct upon remand, the Court finds Individual Defendant Stylianoudakis is not a sham defendant, and removal is improper. *See Padilla*, 697 F. Supp. 2d at 1169–70 (remanding case where defendant failed to meet its burden to establish that "Plaintiff could not amend her pleadings and ultimately recover" against the defendant); *see also Hernandez v. Ignite Rest. Grp., Inc.*, 917 F. Supp. 2d 1086, 1092 (E.D. Cal. 2013) (holding diversity jurisdiction was destroyed because the defendant failed to meet "its heavy burden" of establishing fraudulent joinder). As both Plaintiff and Individual Defendant Stylianoudakis are California residents, and the Court cannot disregard Individual Defendant Stylianoudakis's citizenship for jurisdiction purposes, the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is destroyed.[6] Therefore, remand is warranted.

### C. Attorneys' Fees

Plaintiff seeks $4,800 in attorneys' fees based on the allegation that Defendants' removal was improper. (*See* Mot. at 13–14.) However, "[a]bsent unusual circumstances," a district court may award fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Though the Court holds removal was improper, Defendants had a reasonable basis for believing removal of the action was proper as Plaintiff's operative Complaint fails to state a valid cause of action against Individual Defendant Stylianoudakis. Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees.

---

[6] Because the Court finds Individual Defendant Stylianoudakis is not a sham defendant, it declines to address Plaintiff's arguments regarding the amount in controversy. (*See* Mot. at 12.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03743-BRO (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | GILBERT RANGEL V. BRIDGESTONE RETAIL OPERATIONS, LLC ET AL. | | |

## V.   CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to sufficiently establish fraudulent joinder in this case.  Therefore, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**                                                                                           :

| | Initials of Preparer | ah |
|---|---|---|